J. M. RAKESTRAW et al. v. STATE.

No. A-1329. Opinion Filed February 3, 1912.

Appeal from Oklahoma County Court; John W. Hayson, Judge.

J. M. Rakestraw and G. R. Parks were convicted of violating the prohibitory law, and appeal. Affirmed.

Lee F. Wilson and E. G. Wilson, for plaintiffs in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiffs in error were convicted at the April, 1911, term of the county court of Oklahoma county, on a charge of having the unlawful possession of intoxicating liquor for the purpose of sale, and were each sentenced to pay a fine of five hundred dollars and serve six months in the county jail. Finding no error prejudicial to the substantial rights of the plaintiffs in error, the judgment of the trial court is affirmed.

---

JOHN YOUST v. STATE.

No. A-1327. Opinion Filed February 3, 1912.

Appeal from Oklahoma County Court; John W. Hayson, Judge.

John Youst was convicted of violating the prohibitory law, and appeals. Affirmed.

Lee F. Wilson and E. G. Wilson, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted at the April, 1911, term of the county court of Oklahoma county, on a charge of selling intoxicating liquor, and his punishment fixed by the jury at a fine of four hundred dollars and confinement in the county jail for a period of six months. Judgment was thereafter pronounced by the court imposing a fine of five hundred dollars and imprisonment for six months. There are two assignments of error that we deem it necessary to discuss. On cross-examining the prosecuting witness counsel asked the following question: "You had whisky on your person when you went there, did you not?" Objection was made by the state, and sustained by the court. Exceptions saved. This witness had already identified whisky that he had purchased from the accused, and counsel contend that they had a right to have this question answered. Their contention is sound, but this error is not sufficient to justify a reversal of the judgment under the facts disclosed by the record. The other assignment is based upon the proposition that the judgment of the court is void for the reason that it does not conform to the verdict of the jury. This contention cannot be sustained. This court has a right to modify the judgment, when excessive, or to make it conform to the verdict of the jury, or to remand the cause to the county court with directions for the proper correction to be entered there. The judgment is affirmed with directions to the county court of Oklahoma county to correct the judgment and sentence to conform to the verdict of the jury, which would be by imposing a fine of four hundred dollars and imprisonment in the county jail for a term of six months.